IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| NICHOLAS C. SLAY, <br><br> Petitioner, | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255 |
| vs. | |
| UNITED STATES OF AMERICA, <br><br> Respondent. | Civil Case No. 1:06-CV-63 TS <br><br> Criminal Case No. 1:03-CR-148TS |

Before the Court is Petitioner Nicholas C. Slay's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,[1] filed May 23, 2006. The government filed its response[2] on July 10, 2006. Petitioner is proceeding *pro se* in this matter. The Court finds that the Motion is time-barred and, further, that Petitioner's underlying

---

[1] Docket No. 1 in Case No. 1:06-CV-63 TS.

[2] Docket No. 2 in Case No. 1:06-CV-63 TS.

1

arguments lack merit and do not establish appropriate grounds upon which to justify relief under § 2255.  Therefore, the Court will deny Petitioner's § 2255 Motion and close this case.

## BACKGROUND

On January 7, 2004, Petitioner was charged in a two-count Superseding Indictment with Possession with Intent to Distribute Methamphetamine.[3]  Petitioner pleaded guilty to Count One on February 26, 2004.[4]  Thereafter, a presentence report was prepared and Defendant was sentenced on September 2, 2004, to a sentence of 51 months incarceration; Count Two was dismissed.  Judgment was finally entered on October 18, 2004.[5]  Petitioner did not pursue a direct appeal.

On March 27, 2006, Petitioner filed, in the underlying criminal case, a motion to modify his sentence.[6]  On May 23, 2006, the Court construed this filing as one brought pursuant to 28 U.S.C. § 2255, and opened the instant civil case.

## DISCUSSION

I.   STATUTE OF LIMITATIONS.

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[7]  Section 2255 states:

---

[3] Docket No. 12 in Case No. 1:03-CR-148 TS.

[4] Docket Nos. 19, 20 in Case No. 1:03-CR-148 TS.

[5] Docket No. 44 in Case No. 1:03-CR-148 TS (sealed document).

[6] Docket No. 45 in Case No. 1:03-CR-148 TS.

[7] *See also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As noted above, Petitioner's judgment was finally entered on October 18, 2004.[8]  Even using the earliest filing date of March 27, 2006,[9] and allowing for time in which Petitioner might have sought a direct appeal, Petitioner is well outside of the allowable time in which to pursue this action.  Although the government did not raise this issue in its response, the Court finds it to be dispositive of the matter.

    II.    REMAINING ISSUES.

In his § 2255 Motion, Petitioner requests that his sentence be reduced from 51 months to 46 months, based upon the following: 1) incarceration has achieved its intended result; 2)

---

[8] Docket No. 44 in Case No. 1:03-CR-148 TS.

[9] *See* Docket No. 45 in Case No. 1:03-CR-148 TS, before it was construed as a § 2255 Motion and filed in Case No. 1:06-CV-63 TS.

Petitioner has behaved well and has not been disciplined while incarcerated; 3) Petitioner has completed work and schooling while incarcerated; 4) "Petitioner is and will atone for his crime heretofore;" and 5) the "good time allowance for RDAP was understood, granted and factored into the sentence by all parties involved."[10]

The government responds that: 1) Petitioner's claim is barred by his appeal waiver;[11] 2) Petitioner is not eligible to have his sentence modified; and 3) Petitioner is not entitled, under § 2255, to the relief sought in the instant Motion.

Given the Court's ruling on the applicable statute of limitations, the Court need not address the merits of these arguments. The Court notes, however, that had it considered this case on the merits, it would have enforced Petitioner's appeal waiver.

Therefore, Petitioner's suit is time-barred and the underlying claims lack merit.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

---

[10] Docket No. 1 in Case No. 1:06-CV-63 TS at 4; Docket No. 45 in Case No. 1:03-CR-148 TS at 4.

[11] See Docket No. 20 in Case No. 1:03-CR-148 TS at 3.

SO ORDERED.

DATED this 22nd day of February, 2007.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge