IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS C. SLAY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 1:03-CR-148 TS |

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release. The Court has consulted with the probation office regarding Defendant's conduct on supervised release. The government has not filed an objection.

BACKGROUND

On February 26, 2004, Defendant pleaded guilty to Possession With Intent to Distribute fifty grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1). On September 2, 2004, Defendant was sentenced to 51 months of custody followed by 60 months supervised release. Defendant completed the RDAP program while incarcerated. He was released to a half-way house in August 2007. He began his term

1

of supervised release on January 29, 2008, and began his 60-month term of supervised release on the same day.

## DISCUSSION

If a defendant has completed at least one year of supervised release, § 3583(e) permits the Court to terminate supervised release prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice.[1] In making this determination, the Court must consider many of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[2]

The Court has considered these factors, has reviewed the docket and case file, and has consulted with Defendant's supervising probation officer. The Court finds as follows: Defendant has been fully compliant with all the terms of his supervised release and directives of the probation office. He has maintained full-time employment. He has been employed by the same company for several years and early termination will be helpful to that employment. He has undergone periodic testing, and has had no violations. In addition, he has satisfied the financial obligations imposed by the Sentence.

The government's attorney has been notified, has had a reasonable opportunity to object, and will not file an objection. Accordingly, no hearing is required.[3]

---

[1] 18 U.S.C. § 3583(e).

[2] *Id*. (directing that the court consider factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

[3] Fed. R. Crim. P. 32.1(c) (hearing required to modify conditions of supervised release unless the relief sought is favorable to defendant, does not extend the term of his supervised release and "an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so.").

The Court notes that Defendant's term of supervision was a mandatory term under 21 U.S.C. § 841(b)(1)(A).[4] The Court addressed similar language found in 21 U.S.C. § 841(b)(1)(B), and found that while the statute required the Court to impose a minimum term of supervised release, the Court retained the authority to terminate a Defendant's supervised release before the minimum period had run.[5] The same reasoning applies here. Thus, the language in 21 U.S.C. § 841(b)(1)(A) does not prevent the Court from terminating Defendant's term of supervised release, under appropriate circumstances.

However, the Court finds that less than half of the term of supervised release has expired. Where only approximately two of the five years have passed, the Court finds that while Defendant's conduct is commendable so far, it is still too early to determine if early termination Defendant's term of supervised release is both warranted by the conduct of the offender and is in the interest of justice. Based upon the above, it is hereby

ORDERED that Defendant's *Pro Se* Motion for Early Termination of Supervised Release (Docket No. 47) is DENIED WITHOUT PREJUDICE to refiling after successful completion of a full three years of supervised release.

DATED March 15, 2010.

BY THE COURT:

TED STEWART
United States District Judge

---

[4] 21 U.S.C. § 841(b)(1)(A) (emphasis added).

[5] *United States v. McClister*, 2008 WL 153771, *1–2 (D. Utah Jan. 14, 2008).